```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 11-62629-CV-COHN
                         MAGISTRATE JUDGE P.A. WHITE
```

WALLACE MILLER,                  :

    Petitioner,              :

v.                               :        REPORT OF
                                            MAGISTRATE JUDGE
KENNETH S. TUCKER,               :

    Respondent.              :
_____

## I. Introduction

Wallace Miller, who is presently confined at Taylor Correctional Institution in Perry, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his life sentence for his conviction for burglary with an assault in case number 81-1524-CF from the Seventeenth Judicial Circuit Court for Broward County.[1]

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing § 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus with a memorandum and exhibits, the petitioner's memorandum regarding the statute of limitations, the respondent's response to an order to show cause with appendix of exhibits and the petitioner's reply.

---

[1] The petitioner is not challenging his convictions and sentences for armed robbery, kidnaping and sexual battery entered in the same case.

## II. Procedural History

In case number 81-1524-CF the petitioner was charged with burglary of a conveyance with an assault, kidnaping, sexual battery and robbery with a deadly weapon. After a jury trial he was found guilty as charged. He was sentenced to two consecutive life terms for the burglary and kidnaping charges. (DE# 14, p. 97-105). He was sentenced to sixty years on the robbery charge concurrent with the life sentence for burglary. (DE# 14, p. 97-105). The trial court also imposed a term of 15 years probation to be served at the conclusion of the petitioner's imprisonment. (DE# 14, p. 97-105).

On appeal the Fourth District Court of Appeal affirmed in part and reversed in part. Miller v. State, 421 So.2d 746 (Fla. 4th DCA 1982). The court affirmed the petitioner's convictions and sentences for the burglary, kidnaping and sexual battery charges. Id. The appellate court found that the trial court had erred in denying the petitioner's motion for judgment of acquittal on the robbery with a deadly weapon charge and remanded with directions to adjudicate the petitioner guilty of the lesser included offense of robbery with a weapon and sentence him appropriately. Id. On remand the petitioner was resentenced on the robbery charge to 25 years.

On or about April 12, 1988 the petitioner filed a motion for post conviction relief in the state trial court. (DE# 14, p. 12). He argued that his convictions violated double jeopardy because all of his crimes were based on one criminal act. (CD# 14, p. 35-41). The motion was denied on May 25, 1988. (DE# 14, p. 42, ). There is no record of an appeal of this order.

On November 22, 1999 the petitioner filed a motion to correct illegal sentence. (DE# 14, p. 11). The motion was denied on March

21, 2000. (DE# 14, p. 11). There is no record of an appeal of this order.

On November 4, 2010 the petitioner, through counsel, filed a second motion to correct illegal sentence. (DE# 14, p. 48-61). He raised three claims, arguing that: (1) because the trial court failed to instruct the jury on assault his conviction for burglary with assault was improper; (2) that his conviction for the lesser included offense of robbery with a weapon was unlawful because the parties had waived all lesser included offenses; and (3) the trial court lacked jurisdiction because the assistant state attorney who signed the information had not been properly designated to sign informations. The trial court denied this motion on April 5, 2011. (DE# 14, p. 27-28). The petitioner appealed the denial of the motion. (DE# 14, p. 25). The state appellate court affirmed. Miller v. State, 2012 WL 2848602, (Fla. 4th DCA July 11, 2012).

The petitioner filed another motion for post conviction relief on May 23, 2011. (DE# 14, p. 132-138). He again claimed that the trial court did not have jurisdiction due to the assistant state attorney's alleged failure to be properly authorized to sign the information. He raised the claim as an ineffective assistance of counsel claim. The petitioner filed another motion to correct illegal sentence on or about August 22, 2011. On September 12, 2011 the petitioner filed a motion to take compulsory judicial notice of undisputed facts. (DE# 14, p. 73-74). In this motion the petitioner for the first time raised the claim raised in the instant petition, namely that the crime of burglary of a conveyance was not added to a portion of the statute until 1982, after he had been convicted. The trial court denied both the motion for post conviction relief and the motion to correct illegal sentence on September 15, 2011. (DE# 14, p. 81-82). The petitioner's motion for rehearing was

denied on September 30, 2011. (DE# 14, p. 69). The appeal of this order is presently pending with the state appellate court. (DE# 14, p. 169).

On September 14, 2011 the petitioner sent a letter to the Florida Supreme Court claiming that he was unlawfully confined on the burglary charge. (DE# 4-5). He argued that burglary of a conveyance was only a third degree felony punishable by five years at the time he was convicted. On October 11, 2011, the Florida Supreme Court denied the motion finding that relief was not authorized. Miller v. Tucker, 74 So.2d 1084 (Fla. 2011). The court cited Baker v. State, 878 So.2d 1236 (Fla. 2004), which stands for the proposition that the Supreme Court cannot grant post conviction relief where a movant should have filed in the court with jurisdiction over their conviction and will not transfer such a motion to the proper court if the claim is procedurally barred.

The petitioner filed the instant petition on December 8, 2011.[2] He contends that he was improperly sentenced to a life sentence on the burglary with an assault charge because at the time he committed the crime the burglary statute did not provide for enhancement of burglary of a conveyance to a life felony. Although the petitioner presents three claims, each of the claims relies upon this same premise. As will be discussed below, the petitioners premise is incorrect.

### III. Statute of Limitations

---

[2]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

4

The state contends that the instant petition is untimely. As will be discussed below, this contention is well taken. The petitioner was convicted in 1981 and has waited over thirty years to seek federal habeas relief.

A one-year statute of limitations applies to petitions for writ of habeas corpus filed by State prisoners. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327 (2007); Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."). For equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted).

The petitioner was adjudicated guilty on July 22, 1981, triggering the time for him to file an appeal. His conviction became final August 21, 1981 when the thirty-day period for seeking a direct appeal expired. See Fla. R. App. P. 9.110(b); Miller v. State, 8 So.3d 451 (Fla. 1st DCA 2009); Demps v. State, 696 So. 2d 1296, 1297 n.1 (Fla. 3d DCA 1997); Caracciolo v. State, 564 So.2d

1163 (Fla. 4th DCA 1990). AEDPA became effective on April 24, 1996 and provided a one year window for the petitioner to file his petition. He had until April 23, 1997, to file a petition for writ of habeas corpus. See Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir.1998). He filed the instant petition on December 8, 2011. Therefore, the petition is untimely unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. § 2244(d)(2). The petitioner filed no such application. He filed his first motion for post-conviction relief on prior to the effective date of AEDPA. His next motion for post conviction relief was filed on November 22, 1999, after AEDPA's one-year time limit had expired. The motion therefore had no tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001) (petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled). Therefore, the instant petition is untimely.

By order dated December 19, 2011 the petitioner was directed to address the limitations period. (DE# 7). On December 28, 2011 the petitioner responded that his claim was timely because it was based newly discovered evidence. (DE# 10). He claims that he only became aware of the legal basis for his claim on September 2, 2011. The petitioner argues that this newly discovered evidence establishes that he is actually innocent of the life sentence imposed for his burglary with assault conviction.

The Eleventh Circuit Court of Appeals has found: "Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. See Johnson v. Florida Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir.2008) ("To date, this Court has avoided this

constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence." Melson v. Allen, 548 F.3d 993, 1002 (11th Cir.2008). The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). Thus, to meet the actual innocence standard, a habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (internal quotation marks and citation omitted). Furthermore, to make a sufficient showing of actual innocence, the petitioner must produce "'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" Arthur v. Allen, 452 F.3d 1234, 1245 (11th Cir.2006) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).

In the instant case the petitioner has not provided any newly discovered evidence that falls within the definition of such evidence as found in Arthur. He is actually arguing that he has discovered what he claims is a new legal theory that would preclude his sentence for anything beyond a third degree felony for burglary of a conveyance. Since he has not established that any new evidence would cast doubt upon his conviction he cannot meet the actual innocence standard. Thus this claim should be denied.

Even if the claim were not untimely, it would fail on the merits. The petitioner's entire claim rests upon his argument that prior to 1982 he could not have been sentenced to more than five years for the burglary conviction. He relies upon a 1982 Florida law that added the words "or conveyance" to § 810.02, Fla. Stat. He

7

cites 1982 Laws of Florida chapter 82-87, section 2, where the words "or conveyance" were added to § 810.02(2)(b) and (3). Those two subsections establish the level of felony for burglaries as defined therein. Section 810.12(2)(b) establishes that burglary is a first degree felony punishable by life if in the course of the committing the burglary the offender is armed or becomes armed. Section 810.12(3) establishes that burglary is a second degree felony if the structure or conveyance is a dwelling or occupied. Prior to the enactment of chapter 82-87 the statute did not enhance the level of the felony if the offender became armed while burglarizing a conveyance or if the conveyance was occupied.

The problem with the petitioner's argument is that he was not convicted under subsection (2)(b) or subsection (3). He was convicted under subsection (2)(a). Under the burglary statute, as it existed in 1981, burglary was defined as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." § 810.02, Fla. Stat. (1981). Pursuant to § 810.02(2)(a), at the time the petitioner was convicted, the law established that burglary was a felony of the first degree punishable by a term of years up to life if, in the course of committing the crime, the offender makes an assault upon any person. § 810.02(2)(a), Fla. Stat. (1981). Chapter 82-87 made no change to the subsection under which the petitioner was convicted and sentenced. As noted, that section included any burglary where an assault occurred, regardless of whether committed in a structure or conveyance. Thus the premise of the petitioner's argument is incorrect and his claim would be denied on the merits if it were not untimely.

## IV. Certificate of Appealability

8

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely and without merit and that no certificate of appealability be issued and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 26th day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Wallace Miller, pro se
DC#050707
Taylor Correctional Institution
8629 Hampton Springs Road
Perry, FL 32348

Mitchell A. Egber, AAG
Office of the Attorney General
1515 North Flagler Drive
Suite 900
West Palm Beach, FL 33401