UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62629-CIV-COHN/WHITE

WALLACE MILLER,

      Petitioner,

vs.

KENNETH TUCKER,

      Respondent.

_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 17] of Magistrate Judge Patrick A. White to Petitioner Wallace Miller's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 [DE 1] ("Petition").  The Court has reviewed *de novo* the Petition, Magistrate's Report and Recommendations ("Report"), Petitioner's "Reconstitution Reply to Recommendation Report of Magistrate Judge" [DE 20] ("Objections"), the record in the case, and is otherwise advised in the premises.

In 1981, Petitioner was convicted of burglary of a conveyance with an assault, kidnaping, sexual battery, and robbery with a deadly weapon.  Report at 2.[1]  The Fourth District Court of Appeal later determined that Petitioner's conviction for robbery with a deadly weapon should be overturned and Petitioner sentenced to the lesser included offence of robbery with a weapon.  Id.  Judge White concluded that the Petition, filed over 30 years after Petitioner's convictions became final, was untimely.  For the

_____

[1]     In his Objections, Petitioner does not dispute the procedural history of his case.

reasons discussed below, the Court agrees and will adopt the Report and overrule Petitioner's Objections.

First, the Court agrees with Judge White's finding that Petitioner's convictions became final on August 21, 1981, 30 days after the expiration of the 30-day appeal period provided by Florida Rule of Appellate Procedure 9.110(b). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this action.   "The one-year statute of limitations for filing § 2254 petitions begins to run following the date on which a judgment of conviction becomes final." DeLeon v. Fla. Dep't of Corr., No. 11–11598, 2012 WL 987538, at *1 (11th Cir. Mar. 26, 2012) (citing 28 U.S.C. § 2244(d)(1)).  The Court also agrees with Judge White that Petitioner was required to file his § 2254 Petition on or before April 24, 1997.  Wilcox v. Fla. Dep't of Corr., 58 F.3d 1209, 1211 (11th Cir. 1998) (finding that § 2254 petitions filed within one year of the AEDPA's effective date were timely).  Accordingly, Petitioner should have filed his § 2254 Petition on or before April 24, 1997 to be considered timely.

In his Objections, Petitioner first contends that "he need not meet threshold requirement under AEDPA unless Movant is filing a second or successive motion to vacate."  Objections at 1-2.  The Court disagrees.  The case Petitioner relies upon for this proposition, Jones v. United States, 3 Fed. Appx. 262 (6th Cir. 2001), is inapposite. Jones held only that the AEDPA's requirement regarding court of appeals authorization of successive petitions pursuant to 28 U.S.C. § 2255 does not apply unless the movant is filing a successive motion to vacate.  3 Fed. Appx. at 263-64.  The case is entirely silent about the AEDPA's one year statute of limitations and thus does not support Petitioner's argument that he was not required to comply with the AEDPA's statute of

limitations.

Petitioner also argues that he has presented "extraordinary circumstances" that prevented him from timely filing his Petition.  Objections at 2.  Specifically, Petitioner argues that he recently discovered that the burglary statute under which he was convicted did not contain the word "conveyance" at the time of his conviction.  Id. at 2-3.  This issue was throughly addressed by Judge White in his Report.  Judge White concluded that, at most, Petitioner's argument is "a new legal theory that would preclude his sentence for anything beyond a third degree felony for burglary of a conveyance."  Report at 7.  Judge White concluded that because actual innocence requires factual innocence rather than legal insufficiency, Petitioner could not meet the standard for actual innocence.  Id.  A petitioner who claims that he is actually innocent must provide "proof of actual innocence, not just legal innocence."  Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)).  Petitioner has failed to present *any* evidence to support his claim that he is factually innocent of the crimes charged.  Accordingly the Court agrees with Judge White and will overrule Petitioner's objection.[2]

Finally, Petitioner argues that he should be issued a certificate of appealability.  Objections at 4.  The Court agrees with Judge White that Petitioner has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether

_____

[2]     The Court also agrees with Judge White's argument that the Petitioner was convicted under a separate subsection of the burglary statute than the one he contends was changed.  See Report at 8.

the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may now seek a certificate of appealability from the Eleventh Circuit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 17] is hereby **ADOPTED**;

2. Petitioner's Objections [DE 20] are hereby **OVERRULED**;

3. Petitioner Wallace Miller's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 [DE 1] is **DENIED**;

4. The Clerk may **CLOSE** this case and DENY all pending motions as **MOOT**; and

5. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealabilty because Petitioner has failed to make a substantial showing that he was denied a constitutional right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of August, 2011.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.

4